IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elite Towing, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Larry Brown, Carolina Coast Towing LLC,<br><br>　　　　Defendants. | Civil Action No. 2:25-cv-12715-RMG<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff, Elite Towing, LLC ("Elite Towing" or "Plaintiff") by and through its undersigned counsel, brings this action against Defendants Larry Brown ("Brown") and Carolina Coast Towing LLC ("Carolina") and alleges the following:

**PARTIES**

1.　Plaintiff Elite Towing is a Delaware limited liability company that operates a towing business in South Carolina.

2.　Defendant Brown is a resident of Berkeley County, South Carolina. Brown was employed by Plaintiff as Vice President of Business Development from October of 2023 until he resigned from his employment on or about May 15, 2025.

3.　Defendant Carolina is a South Carolina limited liability company that operates a towing business in and around Berkeley County, South Carolina. Defendant Carolina is in direct competition with Plaintiff.

**JURISDICTION AND VENUE**

4.　The Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 because that claim arises under the laws of the United States. 28 U.S.C. § 1331. The Court also has subject matter jurisdiction over Plaintiff's state-law

claims because they are so related to the federal claim that they form part of the same case or controversy. 28 U.S.C. § 1367.

5.    The Court has personal jurisdiction over each of the Defendants because Brown is a resident of Berkeley County, South Carolina and because Carolina operates in Berkeley County, South Carolina and is owned, in whole or in part, by Reagan Prince, a South Carolina resident.

6.    Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, because each of Defendants reside within this Division and a substantial part of the events giving rise to the claims occurred in this Division. 28 U.S.C. § 1391; Local Rule 3.01(A)(1).

## STATEMENT OF FACTS

7.    Plaintiff Elite Towing operates a towing business in South Carolina. Plaintiff hired Defendant Brown in October of 2023 as its Vice President of Business Development. At the time Plaintiff was hired, he agreed to Elite Towing's Employment Manual (the "Employment Manual"). A copy of the Employment Manual is attached hereto as **Exhibit A**.

8.    The Employment Manual contains a "Confidential Information and Company Property Policy" that protects Elite Towing's confidential information by prohibiting Brown's ability to use this information for non-employment purposes and prohibiting Brown's ability to maintain records containing confidential information after employment as follows:

**Confidential Information and Company Property Policy**

During your employment at Elite Towing, LLC, you may have access to confidential and proprietary data, which is not generally known by competitors or within the company's field of business. This information (hereinafter referred to as "Confidential Information") includes, but is not limited to:

- Data relating to the Company's marketing and servicing programs;
- Procedures and techniques;

● *The criteria and formula used by the Company in pricing its products and services;*

● *Lists of customers and prospects*;

● *The identity, authority and responsibilities of key contacts at Company accounts;*

● *The composition and organization of accounts' businesses;*

● The peculiar risks inherent in their operations;

● Sensitive details concerning the structure, conditions, and extent of their existing products and services;

● *Contract expiration dates;*

● Commission rates;

● Service arrangements;

● Proprietary software, Web applications and analysis tools; and

● Other data showing the particularized requirements and preferences of the accounts.

This Confidential Information is a valuable asset of the Company, developed over a long period of time and at substantial expense. To protect the Company's interest in this valuable asset, you must:

● Not *use any such Confidential Information for your personal benefit or for the benefit of any person or entity other than the Company*, and

● *Use your best efforts to limit access to such Confidential Information to those who have a need to know it for the business purposes of the Company*.

In addition, you should minimize those occasions on which you take documents, computer disks, laptops, tablets or smartphones containing such Confidential Information outside the office. On those occasions where it is necessary, consistent with the best interests of the Company and with doing your job effectively, to take documents, computer disks, laptops, tablets or smartphones containing Confidential Information outside the office, all appropriate precautionary and security measures should be taken to protect the confidentiality of the information.

During the course of your employment with the Company, you will be provided with and will generate correspondence, memoranda, literature, reports,

summaries, manuals, proposals, contracts, customer lists, prospect lists, and other documents and data concerning the business of the Company. ***Any and all such records and data, whether maintained in hard copy or on a computer or other medium, is the property of the Company, regardless of whether it is or contains Confidential Information. Upon termination of your employment at the Company, you are required to return all such records to the Company and may not retain any copy of such records or make any notes regarding such records***. We reserve the right to search for such information and property in personal items while on Company premises such as vehicles, purses, briefcases, etc.

(Ex. A pp. 62-63) (emphasis added).

9. As shown above, Elite Towing's "Confidential Information" includes the identity of its customers and other information associated with customer accounts. Further, this provision provides that Brown is required to return all records to the company, but Brown did not return any such records to Elite Towing when he was terminated.

10. In addition to the obligations set forth in the Employment Manual, Brown, when he was hired, agreed to enter into Elite Towing's Non-Disclosure and Confidentiality Agreement (the "Confidentiality Agreement"). A copy of the Confidentiality Agreement is attached hereto as **Exhibit B**. Brown executed Exhibit B on or about January 28, 2025, in connection with being provided a bonus plan from Elite Towing. The confidential information protected by the Confidentiality Agreement includes, among other things, the financial and operating data of Elite Towing's clients.

11. Further, the Confidentiality Agreement includes a non-solicitation provision in which Brown agreed not to directly or indirectly solicit business from any client or customer of Elite Towing, or any person responsible for referring business to Elite Towing, during Brown's employment and for a period of one year thereafter.

12. After Brown's employment for Elite Towing ended, Brown was hired by Defendant Carolina in or around May or June of 2025.

13. While working for Defendant Carolina, and in violation of the Employment Manual and the Confidentiality Agreement, Brown used the confidential information of Elite Towing to gain business for Carolina. Further, while working for Carolina, Brown has solicited business for Carolina from Elite Towing's customers, in violation of the non-solicitation provision of the Confidentiality Agreement.

14. For example, Brown, as Carolina's employee, solicited Sunbelt Rentals by undercutting Elite Towing's pricing, which resulted in lost business to Elite Towing in excess of $75,000. This violated Brown's obligation not to use Elite Towing's confidential information, such as pricing information, and the non-solicitation obligation of the Confidentiality Agreement. Elite Towing is aware of other instances of breaches of these provisions, and all such breaches have damaged Elite Towing and caused Elite Towing irreparable harm for which there is no adequate remedy at law.

15. Elite Towing contacted Carolina's owner and president, Reagan Prince, on September 11, 2025, to inform Carolina of Brown's contractual obligations to Elite Towing, but, upon information and belief, Brown, while acting on behalf of Carolina, continues to violate his confidentiality and non-solicitation obligations under his agreements with Elite Towing.

16. Further, upon information and belief, Brown, during his employment for Elite Towing, acquired business cards and other documentation containing contact information, pricing, and other confidential information about Elite Towing's clients. Under the Employment Manual, Brown was obligated to return this information on the final day of his employment, but he did not do so. Upon information and belief, Brown is using this documentation in furtherance of his scheme to steal business from Elite Towing for the benefit of Carolina, in violation of his

confidentiality and non-solicitation obligations under the Employment Manual and the Confidentiality Agreement.

## COUNT I – DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, *et seq.*)
### (Against Defendants)

17. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

18. Aspects of Elite Towing's operations, including its customers, pricing for such customers, and marketing directed to such customers constitute protectable trade secrets.

19. Elite Towing has reasonable measures in place to protect these trade secrets, such as the Employment Manual and the Confidentiality Agreement.

20. The trade secrets are not generally known or readily ascertainable through proper means.

21. Elite Towing derives independent economic value from these trade secrets and their secrecy, which gives Elite Towing an advantage over its competitors.

22. The trade secrets are important to Elite Towing's business strategy, and if the trade secrets become known to Elite Towing's competitors, Elite Towing stands to suffer irreparable harm.

23. Brown has knowledge of these trade secrets, which allowed him to benefit, and Carolina to benefit, from the investment of time and money that Elite Towing invested to gain knowledge of these trade secrets.

24. Brown, individually and on behalf of Carolina, improperly disclosed and used Elite Towing's trade secrets in furtherance of his employment for Carolina. Brown had a duty to maintain the secrecy of these trade secrets and not to use them outside of his work for Elite Towing. Therefore, Brown has used, and Carolina has acquired, these trade secrets by improper means.

25. As a result of the wrongful conduct of Brown and Carolina, Elite Towing has been damaged and will continue to be damaged and has been irreparably harmed.

26. Defendants have violated the Defend Trade Secrets Act and, as a result, Elite Towing is entitled to an award of actual and punitive damages, as well as an award of damages equal to Defendants' unjust enrichment. 18 U.S.C. § 1836(b)(3). As set forth herein, Defendants' willful misappropriation of Elite Towing's confidential information and trade secrets is in violation of Brown's contractual obligations, which, upon information and belief, are known to Elite Towing.

27. Elite Towing is also entitled to its reasonable costs and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D) and injunctive relief pursuant to 18 U.S.C. § 1836(b)(3)(A).

**COUNT II – SOUTH CAROLINA TRADE SECRETS ACT (SC CODE § 39-8-30)**
**(Against Defendants)**

28. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

29. During his employment for Elite Towing, Brown had direct and intimate knowledge of Elite Towing's confidential information, which information is exclusive to Elite Towing and not generally known in the industry.

30. Elite Towing's confidential information constitutes trade secrets pursuant to the South Carolina Trade Secrets Act (SCTSA). The information derives independent economic value, actual and potential, from not being generally known or readily ascertainable through appropriate means by others who might obtain economic value from such information.

31. Elite Towing has undertaken reasonable efforts to maintain the secrecy of this confidential information, including by the confidentiality obligations of the Employment Manual and the Confidentiality Agreement. Brown obtained these trade secrets as a result of his

employment for Elite Towing, and these trade secrets were communicated to Brown in confidence while he was under a duty to protect them and not to use them for any purpose other than his work for Elite Towing. Carolina knew, or should have known, that the information provided to Brown as a result of his employment for Elite Towing was provided in confidence and was subject to an obligation to refrain from using the information to further Carolina's business.

32. Through the inappropriate disclosure and use of Elite Towing's trade secrets, such as described herein and as further discovered during discovery and demonstrated at trial, Defendants have violated SCDTSA.

33. Under SCDTSA, Elite Towing is entitled to an award of actual and punitive damages incurred as a result of Defendants' wrongful acts, as well as an award equal to their unjust enrichment.

34. Elite Towing is also entitled to injunctive relief, as provided for by S.C. Code § 39-8-50, its reasonable costs and attorneys' fees as provided for by S.C. Code § 39-8-80, and such other relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
**(Against Brown)**

35. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

36. The Employment Manual and Confidentiality Agreement are valid, enforceable, and binding contracts between Elite Towing and Brown.

37. Elite Towing has fully performed all of its obligations pursuant to these agreements, except those that have been prevented or otherwise excused.

38. The Employment Manual and Confidentiality Agreement both provided that Brown would not improperly disclose or use certain confidential information of Elite Towing. However,

Brown breached these provisions by improperly disclosing this information to Carolina and using it in connection with Carolina's business.

39. Further, Brown agreed not to solicit Elite Towing's customers for one year after his employment ended. Brown has breached this obligation by soliciting Elite Towing's customers in furtherance of his employment for Carolina. This cause of action is predicated upon Brown's willful breaches and misappropriation of corporate assets, in violation of his duties to Elite Towing.

40. Elite Towing has been damaged by these breaches, resulting in actual damages and irreparable harm and entitling Elite Towing to damages, injunctive relief, and the remedies available at law and under the agreements.

## COUNT IV – BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT
**(Against Brown)**

41. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

42. Upon information and belief, Brown confiscated the confidential information of Elite Towing at the end of his employment with knowledge that he would be leaving to go to work for a competitor and knowledge that he would use it for the competitor.

43. As a result of the fraudulent acts accompanying Brown's breaches of the Employment Manual and the Confidentiality Agreement, Elite Towing is entitled to an award of damages in an amount to be determined at trial, including punitive damages.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT
**(Against Carolina)**

44. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

45. Brown's employment with Elite Towing was governed by the Employment Manual and the Confidentiality Agreement, which are binding and enforceable contracts.

46. Upon information and belief, Carolina had actual notice of the existence and terms of these agreements and knowingly and willfully interfered with these contractual obligations by employing Brown in a similar role to that in which he was employed by Elite Towing and encouraging Brown to utilize Elite Towing's confidential information, and to violate the non-solicitation provision, for Carolina's benefit.

47. Carolina's interference with these contractual obligations was intended to, and did, induce Brown to breach his obligations to Elite Towing, without justification.

48. Carolina did not have a legitimate business interest in interfering with Brown's contractual relationship with Elite Towing.

49. Carolina's tortious interference has caused injury to Elite Towing, including, but not limited to, loss of business, loss of marketplace advantage, disclosure of Elite Towing's contacts and other confidential information and trade secrets, and the loss of profits, present and future. Accordingly, Elite Towing is entitled to actual and punitive damages.

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Defendants)

50. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

51. Elite Towing has contracts with its customers that have been taken, in whole or in part, by Defendants.

52. Defendants have knowledge of Elite Towing's contracts with its customers and have intentionally procured the breach thereof without justification.

53. Elite Towing has been damaged by lost business, revenues, and other damages and is entitled to actual and punitive damages.

### COUNT VII - INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL ADVANTAGE
**(Against Defendants)**

54. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

55. Defendants knew of Plaintiff's contracts with its customers, particularly the fact that Plaintiff's customers would continue to use Plaintiff for towing services absent Defendants' unlawful conduct as described herein.

56. Defendants intentionally interfered with Plaintiff's contracts and potential business moving forward by improperly using Plaintiff's confidential information, by breaching contractual obligations owed to Plaintiff and known to be owed to Plaintiff and by otherwise interfering as described herein, which demonstrates an improper purpose and/or improper methods of interference. Absent this interference, Plaintiff would have continued to providing the towing service to these businesses as it had been doing before Defendants' interference.

57. Plaintiff has been damaged by this intentional interference, which has caused Plaintiff to lose its customers, in whole or in part. As known by Defendants, had Defendants not interfered, Plaintiff would have maintained the customers. Plaintiff is entitled to actual and punitive damages.

### COUNT VIII – UNJUST ENRICHMENT
**(Against Defendants)**

58. Elite Towing reiterates and restates its previous allegations as if fully set forth herein.

59. As a result of the improper disclosure and use of Elite Towing's confidential information, Defendants have received a benefit, which allowed Carolina to earn business it should not have earned. Defendants have realized that benefit and retained it under circumstances that make it inequitable to retain the benefit without paying its value.

60. Plaintiff is entitled restitution, payment for all of the proceeds of this benefit and a constructive trust over all such business and proceeds.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Elite Towing prays for a trial by jury on all issues so triable and for judgment against Defendants providing Elite Towing with the following relief:

A. An order enjoining Defendants from disseminating, using, relying on or otherwise profiting from misappropriated Elite Towing trade secrets, confidential information or other property;

B. An order requiring Defendants to return to Elite Towing all misappropriated trade secrets, confidential information and other property, including, but not limited to, all documentation in which such property is embodied;

C. A constructive trust over any business, proceeds or other property that Defendants obtained, generate or created based directly or indirectly on misappropriated trade secrets, confidential information or other property of Elite Towing;

D. An award of money damages, including all damages provided by applicable statute or law, along with pre-judgement interest, costs, and attorneys' fees, in an amount to be determined at trial;

E. Disgorgement of all compensation, revenues or other benefits that Defendants received as a result of their wrongful conduct;

F. Punitive and exemplary damages; and

G. For such other relief as this Court deems just and proper.

**HAYNSWORTH SINKLER BOYD, PA**

*s/Jeffrey T. Stover*
Jeffrey T. Stover (Fed ID # 10868)
134 Meeting Street, Suite 300
Charleston, SC 29401

September 25, 2025
Charleston, South Carolina